<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA L. SHORT,<br><br>  Plaintiff,<br><br>v.<br><br>TRACY DENHOLTZ,<br><br>  Defendant. | Civil Action No. 23-00371 (SDW)(JSA)<br><br>**OPINION**<br><br>January 26, 2023 |

**THIS MATTER** having come before this Court upon the filing of a Complaint by *pro se* Plaintiff Maria L. Short ("Plaintiff"), and the Court having reviewed the Complaint for jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) ("Rule"); and

**WHEREAS** Plaintiff alleges that Defendant, in her capacity as a public defender, defamed Plaintiff by calling Plaintiff's former employer and "questioning him regarding the appellate work [Plaintiff] performed while she clerked for him, stating that Plaintiff was "questionable," stating that Plaintiff did "illegal things," and asking if Plaintiff "was licensed in the State of New Jersey as an attorney." (D.E. 1 ¶¶ 2–5.) Plaintiff also claims that Defendant defamed her by calling Plaintiff on the telephone to discuss an application Plaintiff had filed in New Jersey drug court on behalf of her son, alleging that Plaintiff had done something illegal, and lying "to police when she described the events and stated that [Plaintiff's] law degree from 'Quinnipiac was questionable, as she claims to have a law degree.'" (*Id.* ¶¶ 17–33.) Plaintiff further contends that Defendant defamed her by "fil[ing] criminal charges with Morristown Municipal Court, alleging forgery of [Plaintiff's] son's drug application, and violating attorney-client privilege by filing charges against Plaintiff without her son's consent. (*Id.* ¶¶ 38–44.); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiff alleges that her claims arise under "28 U.S.C. §§ 1491-1509," which Plaintiff contends is federal question jurisdiction. (*See* D.E. 1 at 1–8.) The sections Plaintiff cites do not pertain to federal question jurisdiction, and further the claims—as far as this Court can discern—appear to arise under New Jersey State law. "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). Plaintiff's Complaint fails to present a federal question and does not establish diversity jurisdiction; therefore, subject matter jurisdiction has not been established. *See* FED. R. CIV. P. 12(b)(1); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (finding that a complaint does not survive a facial attack, and jurisdiction is not established when a complaint "does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present"); and

**WHEREAS**, even if jurisdiction had been established, the facts alleged in Plaintiff's Complaint do not appear to be undergirded by any legal basis or bases, amount to general grievances, and are insufficient to support a claim entitling Plaintiffs to relief. *See* FED. R. CIV. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

2

678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED** for lack of jurisdiction pursuant to Rule 12(b)(1). An appropriate order follows.

      /s/ Susan D. Wigenton    
**United States District Judge**

Orig:  Clerk
cc:     Parties
        Jessica S. Allen, U.S.M.J.